UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SIN SANTO BAD, | Civil File No. 07-3641 (DWF/SRN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| PAT CILIBERTO, County Scott Attorney, LISA A. SKOOG, Assistant Scott County, STEVE ROST, and BELLE PLAINE POLICE DEPARTMENT, | |
| Defendants. | |

---

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, has filed a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, (see 28 U.S.C. § 1914(a)), but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated August 9, 2007, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $8.94, as required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 4), so this case can now proceed.

The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

**I. BACKGROUND**

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "lisa A Skoog and Steve Rost are designee for Pat Ciliberto Scott County Attorney.  lisa Skoog and Steve Rost forfeitur [sic] my 1996 Ford explorer for the sole purpose of the Vehicle being used in a Burglary that alledge [sic] happen. On October 13, 2005, But Chief Judge William E. Mackin dismissed that alledge [sic] crime."

(Complaint, [Docket No. 1], p. 3, § IV.)

Based on these allegations alone, Plaintiff is attempting to bring a civil rights action under 42 U.S.C. § 1983 against three Defendants.  The Defendants are identified in the caption of the complaint as "Pat Ciliberto County Scott Attorney, lisa A. Skoog, Assistant Scott County [and] Steve Rost, Belle Plaine Police Department."  Plaintiff is seeking a judgment against Defendants in the amount of $9142.02.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is attempting to sue government employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and should be allowed to proceed.  If the Plaintiff's complaint fails to state a cause of action on which relief can be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complaint must allege

a set of historical facts which, if proven true, would entitle the plaintiff to some legal redress against the named defendants, based on some cognizable legal theory.  While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: <u>the complaint must allege facts</u>, which if true, state a claim as a matter of law."  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added).  <u>See</u> <u>also</u>, <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions"); <u>Stone v. Harry</u>, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

    To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts which, if proven true, would show that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights.  <u>Ellis v. Norris</u>, 179 F.3d 1078, 1079 (8th Cir. 1999).  <u>See also</u> <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); <u>Speed v. Ramsey County</u>, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same).  In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

    In this case, Plaintiff's complaint fails to state an actionable civil rights claim against any named Defendant, (or anyone else), because it does not describe what, specifically, any of the named Defendants allegedly did, or failed to do, that could be viewed as a

violation of Plaintiff's constitutional rights.  Plaintiff apparently believes that Defendants did something to deprive him of a truck during the course of a Minnesota state criminal case, but his complaint does not allege any specific facts describing anything that any named Defendant actually did or failed to do.

In addition, the complaint fails to state an actionable civil rights claim, because there are no allegations describing any violation of Plaintiff's federal constitutional rights.  Indeed, the complaint makes no mention of the Constitution or any constitutional principle.[1]

Furthermore, it appears that Plaintiff may be seeking to hold some or all of the Defendants vicariously liable for some allegedly wrongful act or omission by one or more of their subordinates.  Such a claim, however, would not be actionable under 42 U.S.C. §

---

[1] The Court notes that if Plaintiff were attempting to allege that Defendants somehow deprived him of some personal property, (i.e., a truck), without affording him the benefit of due process, his claim apparently would fail, by reason of the Supreme Court's decision in Hudson v. Palmer, 468 U.S. 517, 533 (1984).  In that case, the Court held that even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  See also Allen v. City of Kinloch, 763 F.2d 335, 336-37 (8th Cir.) ("the Supreme Court has held that, where a random and unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy"), cert. denied, 474 U.S. 946 (1985).  Here, it appears that the Plaintiff would have an adequate post-deprivation remedy for any alleged misappropriation of his personal property, because under Minn.Stat. § 466.02, municipalities are "subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment."  If this state statute provides Plaintiff a meaningful post-deprivation remedy, (as appears to be the case), then he could not maintain a federal civil rights action based on an alleged denial of due process.  See Hubenthal v. County of Winona, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam) (plaintiff's due process claim dismissed because Minn.Stat. § 466.02 provided him with an adequate post-deprivation remedy for alleged loss of property).  See also Kontos v. Wheeler, No. 93-2382MN (8th Cir. 1994) 1994 WL 319290 (unpublished opinion) at * 1 ("[T]he gravamen of plaintiff's complaint is that he was deprived of property without due process of law.  It is fatal to this claim that Minnesota provides an adequate state post-deprivation remedy for loss of property.").

1983, because governmental officials and entities cannot be held liable under the doctrine of respondeat superior in civil rights cases. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party directly caused a violation of the plaintiff's constitutional rights. Because Plaintiff's pleading does not include any such allegations with regard to any of the named Defendants, he has failed to state any actionable civil rights claim.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that this action must therefore be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's IFP application must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2] To date, he has paid only $8.94, so he still owes $341.06. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $341.06, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."


Dated: September 28, 2007

  s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 15, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.